**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| Myung K. Moon<br><br>                          Plaintiff,<br><br>         v.<br><br>Just In Time Services Inc., Supreet Singh,<br>and Baljeet Singh,<br><br>                          Defendants, | Index No. 26-cv-4462<br><br><br>**COMPLAINT** |

Plaintiff, Myung K. Moon ("Plaintiff"), by his attorneys Ryan Kim, alleges against

Defendants Just In Time Services Inc. doing business as Just In Time Shirts (collectively,

"JITS"), Supreet Singh and Baljeet Singh ("Defendants") as follows:

## I.    Nature of the Action

1.    Plaintiff Myung K. Moon brings this action against Defendants for alleged violations of

the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA"), and the New York Labor

Law ("NYLL"), N.Y. Lab. Law § 650 *et. seq.*, arising from Defendants' various willful,

malicious, and unlawful employment policies, patterns, and practices.

2.    Defendants have willfully, maliciously, and intentionally committed widespread

violations of the FLSA and NYLL against Plaintiff Myung K. Moon by (1) failing to pay his

applicable minimum wages, overtime compensation, and spread-of-hour pay, and (2) failing to

comply with notice requirements that the law mandates.

## II.    Jurisdiction and Venue

1

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this action involves federal questions regarding the deprivation of Plaintiff's rights under FLSA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

### III.    Parties

5. Plaintiff is a resident of the state of New York.

6. Plaintiff's duties included picking up and delivering dry-cleaning items, loading and unloading vehicles, maintaining delivery records, and assisting with warehouse operations.

7. Defendants Just In Time Services Inc, doing business as Just In Time Shirts, is a domestic business corporation duly organized and existing under the laws of the State of New York.

8. Defendant Cleaner is located at 2 Rome St. Farmingdale NY 11735.

9. Defendant Just In Time Services Inc. operates a wholesale dry-cleaning business serving retail dry cleaners.

10. Defendants hired Plaintiff.

11. JITS had the authority to fire Plaintiff.

12. JITS had the authority to supervise Plaintiff.

13. JITS had the authority to demote or promote Plaintiff.

14. JITS had the authority to discipline Plaintiff.

15. JITS had the authority to determine rates of pay for Plaintiff.

16. JITS had the authority to control the terms and conditions of Plaintiff's employment.

17. Defendants Supreet Signh, and Baljeet Singh ("Singhs") are the owner of JITS.

18. Singhs reside in the State of New York.

19. Plaintiff reported his work to Singhs.

20. Singhs hired Plaintiff.

21. Singhs was a supervisor of Plaintiff.

22. Singhs had the authority to fire Plaintiff.

23. Singhs had the authority to supervise Plaintiff.

24. Singhs had the authority to demote or promote Plaintiff.

25. Singhs had the authority to discipline Plaintiff.

26. Singhs had the authority to determine the rates of pay for Plaintiff.

27. Singhs had the authority to control the terms and conditions of Plaintiff's employment.

28. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein to the course and scope of their employment with and for the benefit of Defendants.

29. All Defendants are jointly and severally liable for the violations of the FLSA and the NYLL.

### IV.    Factual Allegations

30. Plaintiff worked for Defendants from August 23, 2025, until June 17, 2026.

31. Throughout his employment, Plaintiff was regularly scheduled to work Monday through Saturday, from approximately 5:30 a.m. to 2~4:00 p.m., totaling about 60 hours per week.

3

32.     Plaintiff was paid a fixed wage of $900 per week in cash, regardless of the actual number of hours worked each day or week.

33.     Plaintiff was never formally placed on Defendants' payroll, and Defendants did not maintain any timekeeping system for his hours worked.

34.     Defendants failed to provide Plaintiff with proper wage notices, accurate wage statements, or notice of changes to his wage rates, as required under the New York Labor Law.

35.     Defendants did not provide Plaintiff with meal breaks during his long shifts.

36.     Defendants failed to pay Plaintiff proper minimum wage and overtime compensation for all hours worked.

37.     Defendants failed to pay Plaintiff spread-of-hours pay when his workdays exceeded ten hours.

38.     Upon termination of his employment, Defendants failed to pay Plaintiff for the last two consecutive weeks of work.

## Count I
### Violation of the Fair Labor Standards Act – Minimum Wages

39.     Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

40.     At all times relevant herein, Plaintiff was or has been an employee within the meaning of the FLSA.

41.     At all times relevant herein, Defendants have been the employer of Plaintiff engaging in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

4

42.    At all times relevant herein, Defendants engaged in over $500,000.00 in annual sales or business.

43.    Defendants failed to compensate Plaintiff at least at the federal minimum wage rate for all time worked.

44.    At all times relevant herein, Plaintiff was not exempt from the minimum wage provisions of FLSA and was entitled to be compensated at least at the federal minimum wage rate.

45.    Plaintiff was entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiff's filing this lawsuit because Defendants' violation was willful.

**Count II**
**Violation of the Fair Labor Standards Act – Overtime Pay**

46.    Plaintiff realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

47.    At all relevant times herein, Plaintiff regularly worked in excess of forty (40) hours per work week.

48.    At all relevant times herein, Defendants knew or should have known that Plaintiff regularly worked in excess of forty (40) hours per workweek.

49.    Defendants failed to pay Plaintiff proper overtime compensation for all of the hours worked in excess of forty (40) hours in each workweek as set forth in the FLSA, 29 U.S.C. § 207, *et. seq.*

50.    At all relevant times herein, Plaintiff was not exempt from FLSA's overtime wage provisions and was entitled to compensation at a rate of at least one and one-half times the federal minimum wage for his overtime work.

51.    Plaintiff was entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiff's filing this lawsuit because Defendants' violation was willful.

**Count III**
**Violation of the New York Labor Law – Minimum Wages**

52.    Plaintiff realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

53.    At all times relevant herein, Plaintiff was an employee within the meaning of the NYLL §§ 190(2) and 651(5).

54.    At all relevant times herein, Defendants are or have been employers of Plaintiff within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations.

55.    Defendants failed to pay Plaintiff the minimum wages to which they were entitled under the NYLL.

56.    At all times relevant herein, Plaintiff was not exempt from the minimum wage provisions of the NYLL and was entitled to be compensated at least at the applicable state minimum wage rate.

57.    Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff minimum hourly wages for all relevant times herein.

**Count IV**
**Violation of the New York Labor Law – Overtime Compensation**

58.    Plaintiff realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

59.    At all relevant times herein, Plaintiff regularly worked in excess of forty (40) hours per work week.

60.    At all relevant times herein, Defendants knew or should have known that Plaintiff regularly worked in excess of forty (40) hours per workweek.

61.    Defendants failed to pay Plaintiff proper overtime compensation for all of the hours worked in excess of forty (40) hours in each workweek as set forth in NYLL.

62.    At all relevant times herein, Plaintiff was not exempt from the NYLL's overtime wage provisions and were entitled to compensation at a rate of at least one and one-half times the state minimum wage for his overtime work.

63.    Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff proper overtime compensation for all relevant times herein.

### Count V
### Violation of the New York Labor Law – Spread-of-Hours Pay

64.    Plaintiff realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

65.    Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff worked more than ten hours.

66.    By defendants' failure to pay Plaintiff spread-of-hours pay, defendants willfully violated the NYLL Article 19, §§ 650, et seq., and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10, and 146-1.6.

67.    Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff the required spread-of-hours pay for all relevant times herein.

## Count VI
### Violation of the New York Labor Law – Wage Theft Prevention Act

68. Plaintiff realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

69. NYLL §§ 195(1) and (2) require employers to issue wage notices to employees at the time of his hiring or when any changes to the information required to appear on wage notices occur.

70. Defendants failed to issue appropriate wage notices to Plaintiff at the required time set forth by the law.

71. Defendants' failure to issue wage notices deprived Plaintiff of critical information about his wage rate, hours and allowances, hindering his abilities to detect and challenge unlawful underpayment in a timely manner.

72. Defendants' lack of proper notice contributed directly to wage violations, exacerbating the financial harm Plaintiff suffered.

73. As a result of Defendants' failure to provide the required wage notices, Plaintiff is each entitled to $50 per day for every day such wage notice was not provided, up to $5,000 per person, plus interest and attorneys' fees and costs.

74. NYLL § 195(3) requires employers to furnish employees with wage statements, i.e., pay stubs, that include, inter alia, hours worked, and any minimum wage allowances that are applied.

75. Defendants failed to issue appropriate wage statements to Plaintiff at the required time set forth by the law.

76. Defendants' failure to issue appropriate wage statements prevented Plaintiff from identifying and addressing wage underpayment violations during his employment with Defendants.

77. Defendants' failure to provide accurate wage statements deprived Plaintiff of his ability to verify compliance with wage laws, advocate for themselves, and hold Defendants accountable for proper wage payments, resulting in tangible financial harm.

78. As a result of Defendants' failure to provide accurate wage statements, Plaintiff is entitled to $250 per violation up to $5,000 per person, plus interest and attorneys' fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment providing the following relief:

a. A declaratory judgment that Defendants' practices alleged herein violate the FLSA and NYLL and were willful;

b. An injunction prohibiting Defendants from continuing such unlawful practices and policies;

c. Unpaid minimum wages, overtime compensation, and spread-of-hours pay due under the FLSA and NYLL;

d. Liquidated damages under the FLSA and NYLL, including damages for Defendants' failure to provide accurate wage statements and required wage notices;

e. Liquidated and/or punitive damages for Defendants' knowing, willful, and malicious violations of federal and state wage and notice laws;

f. Costs and expenses of this action, including reasonable attorneys' and expert fees;

g.  Prejudgment and post-judgment interest; and

h.  Such other and further legal and equitable relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues of fact and damages.

Dated: July 23, 2026

　　　　　　　　　　　　 /s/ Ryan Kim
　　　　　　　　　　　　Ryan J. Kim

　　　　　　　　　　　　Ryan J. Kim, Esq.
　　　　　　　　　　　　Ryan Kim Law, P.C.
　　　　　　　　　　　　222 Bruce Reynolds Blvd. Suite 490
　　　　　　　　　　　　Fort Lee, NJ 07024
　　　　　　　　　　　　ryan@RyanKimLaw.com